FILED
2019 Dec-12 AM 10:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **KIRT D. SOBER,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **ANDREW M. SAUL, Commissioner** ) <br> **of the Social Security** ) <br> **Administration,**[1] ) <br> ) <br> **Defendant.** ) | Civil Action Number <br> **4:18-cv-01947-AKK** |

## MEMORANDUM OPINION

Kirt D. Sober brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). For the reasons explained below, the court finds that the Administrative Law Judge ("ALJ") applied the correct legal standards and that the ALJ's decision, which has become the final decision by the Commissioner, is supported by substantial evidence. Therefore, the court affirms the decision denying benefits.

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019, and replaces Nancy Berryhill as the defendant in this action pursuant to Federal Rule of Civil Procedure 25(d)(1).

## I. PROCEDURAL HISTORY

Sober filed applications for disability insurance benefits and supplemental security income, alleging that he suffered from a disability beginning June 20, 2015, due to bipolar disorder, back issues, status post knee surgery, and depression. R. 91, 174, 181, 192. After the SSA denied Sober's applications, R. 121, 124-25, he requested a formal hearing, R. 137. Subsequently, an ALJ entered a decision finding that Sober was not disabled, R. 59-72. The SSA Appeals Council denied Sober's request for review, *see* R. 16, 163, and summarily affirmed the ALJ's decision denying disability benefits, rendering the ALJ's decision the final decision of the Commissioner, R. 1-2. Having exhausted his administrative remedies, Sober filed this action pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g). Doc. 1.

## II. STANDARD OF REVIEW

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute

its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "'reasonable and supported by substantial evidence.'" *Id.* (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "'[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against those findings. *See id.* While judicial review of the ALJ's findings is limited in scope, it "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

In contrast to the deferential review accorded the Commissioner's factual findings, "conclusions of law, including applicable review standards, are not presumed valid" and are subject to de novo review. *Martin*, 894 F.2d at 1529. The Commissioner's failure to "apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed" requires reversal. *Id.*

### III. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable

3

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(1). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). Specifically, the ALJ must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*See McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* (citing 20 C.F.R. § 416.920(a)-(f)). "Once [a] finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can

4

do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). However, the claimant ultimately bears the burden of proving that she is disabled, and, "consequently [s]he is responsible for producing evidence in support of he[r] claim." *See, e.g.*, *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.945(a), (c)).

## IV. THE ALJ'S DECISION

In performing the five-step analysis, the ALJ first determined that Sober had "not engaged in substantial gainful activity since June 20, 2015, the alleged onset date . . . ." R. 61. Accordingly, the ALJ proceeded to Step Two, finding that Sober had the following severe impairments: "[m]ajor depressive disorder, anxiety disorder, bipolar disorder, degenerative disc disease of the lumbar spine, and axonal neuropathy . . . ." R. 61. The ALJ then proceeded to Step Three and found that none of Sober's impairments, considered singly or in combination, met or "medically equal[ed] the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 . . . ." R. 63.

Next, the ALJ determined Sober's residual functional capacity ("RFC"), finding that based on all of Sober's impairments:

> [Sober] has the [RFC] to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) except that he can understand, remember, and carryout simple instructions with occasional interaction with others. Those activities can be sustained for two hours and if afforded with normal mid-morning, mid-afternoon and lunch breaks, can be sustained over an eight-hour workday.

5

R. 67. Because Sober has no past relevant work,[2] the ALJ proceeded to Step Five, where, based on Sober's RFC, age, education, and prior work experience, and relying on the testimony of a vocational expert, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that [Sober] can perform . . . ." R. 70. As a result, the ALJ concluded that Sober was not disabled from the alleged disability onset date through the date of the ALJ's decision. R. 71.

V. ANALYSIS

On appeal, Sober argues (1) that the ALJ erred by failing to accord proper weight to the opinions of a one-time examining psychologist, (2) the Appeals Council erred by failing to consider new, material, and chronologically relevant evidence, and (3) the ALJ's decision denying benefits is not based on substantial evidence. Doc. 8 at 2, 29-39. The court addresses each of these contentions in turn.

A. **Whether the ALJ properly weighed the opinions of Dr. David Wilson**

Sober contends that the ALJ erred by failing to properly consider and weigh the opinion of Dr. David Wilson, a consultative examining psychologist. Doc. 8 at 29-33. An ALJ must consider all medical opinion evidence in the record, 20 C.F.R.

---

[2] Sober worked for years for United Parcel Service and several other employers, but the ALJ found that Sober's income for that work did not meet the threshold required for substantial gainful activity. *See* R. 70, 172, 223-226.

§ 404.1527(b)-(c),[3] and "state with particularity the weight given to different medical opinions and the reasons therefor," *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). While the opinions of a claimant's treating physician are generally entitled to considerable weight, a one-time examiner's opinions are not entitled to any deference. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (citations omitted). In addition, "even the opinion of a treating physician [] need not be given weight when there is 'good cause'—for instance, when a treating physician's opinion is conclusory or inconsistent with [her] own records." *Hernandez v. Soc. Sec. Admin., Comm'r*, 761 F. App'x 901, 903 (11th Cir. 2019) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004)). Still, an ALJ cannot substitute his judgment for that of an examining physician when determining the weight to assign the physician's opinion. *See Davis v. Barnhart*, 377 F. Supp. 2d 1160, 1164 (N.D. Ala. 2005) (citing *Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992) (Johnson, J., concurring)).

Dr. Wilson, a licensed psychologist, reviewed Sober's psychiatric records and performed a psychological evaluation of Sober on September 25, 2017. R. 530. Based on his review and evaluation, Dr. Wilson found that Sober "continues to

---

[3] 20 C.F.R. § 404.1520c superseded 20 C.F.R. § 404.1527(b) effective March 27, 2017 for claims filed before that date. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). The court cites to the regulation that was in effect at the time Sober filed his applications.

7

struggle with significant anxiety and depression," and he diagnosed Sober with severe recurrent major depressive disorder, anxiety disorder NOS, possible history of opiate and anxiolytic abuse, borderline intellectual functioning, along with back problems, nerve damage in his legs, and chronic pain. R. 533. Dr. Wilson also opined that Sober's "anxiety and depression would cause him major problems in any work environment," and that Sober's "ability to withstand the pressures of day to day occupational functioning is highly impaired." R. 533.

In connection with the evaluation, Dr. Wilson completed a Mental Health Source Statement that consists primarily of Dr. Wilson's responses to nine yes or no questions, and in which Dr. Wilson opined that Sober would be off task 75% of the time in an eight-hour workday and would fail to report to work twenty-five days during a thirty-day period due to his psychological symptoms. R. 34. Dr. Wilson indicated in the Statement that Sober cannot "maintain attention, concentration and/or pace for periods of at least two hours;" "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances;" "sustain an ordinary routine without special supervision;" "adjust to routine and infrequent work changes;" "maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness;" and interact appropriately with co-workers and supervisors. R. 534. Dr. Wilson also completed a Mental Health Questionnaire, consisting of a list of symptoms he checked to indicate that they apply to Sober, and

8

Dr. Wilson's opinion that Sober had experienced the indicated symptoms since June 20, 2015. R. 535.

The ALJ considered Dr. Wilson's opinions, but gave them only minimal weight. R. 66-67. Sober challenges this decision, arguing that the ALJ improperly substituted his judgment for that of Dr. Wilson. *See* doc. 8 at 30-31. This argument is unavailing because, as an initial matter, the ALJ owes no deference to the opinions of a one-time examining physician. *See McSwain*, 814 F.2d at 619. In addition, even a treating physician's opinion may be rejected if it is "so brief and conclusory that it lacks persuasive weight . . . ." *Hudson v. Hackler*, 755 F.2d 781, 784 (11th Cir. 1985). Thus, the conclusory nature of the Mental Health Source Statement and Mental Health Questionnaire provides good cause for the ALJ to give the opinions contained in them minimal weight. *See Winschel*, 631 F.3d at 1179; *Reuter v. Soc. Sec. Admin., Comm'r*, 2014 WL 58840, *5 (N.D. Ala. Feb. 14, 2014) (holding that an ALJ has good cause to reject a treating physician's opinions contained in a form consisting of the physician's responses to multiple choice questions) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005)).

The ALJ also properly considered that Dr. Wilson's opinions were not consistent with Dr. Wilson's own observations. R. 66-67. *See Phillips*, 357 F.3d at 1241 (explaining that good cause to discount a physician's opinion is shown when that "opinion was . . . inconsistent with the doctor's own medical records"); 20

9

C.F.R. § 404.1527(c)(3)-(4). Indeed, although Dr. Wilson opined that Sober could not interact with supervisors or interact appropriately with coworkers and that Sober's ability to "withstand the pressures of day to day occupational functioning is highly impaired," Dr. Wilson noted that Sober was "cooperative and respectful throughout," and that he attends church twice a week. R. 532-34. And, Dr. Wilson's opinion that Sober cannot maintain attention, concentration, and pace for a period of at least two hours conflicts with his observation that Sober had "adequate mental control and attention." R. 533-34.

In addition, Sober's medical records as a whole do not support the extent of the psychological limitations identified by Dr. Wilson. *See* R. 66-67. As the ALJ discussed, physicians' treating notes consistently reflect that Sober was alert and oriented in all spheres. R. 66, 324, 337, 340, 344, 370, 394, 408, 424, 427, 442, 456, 467, 469, 485, 498, 513, 515, 522. And, treating physicians frequently noted that Sober was pleasant and cooperative, had normal mood and affect, and appropriate behavior. R. 314, 324, 326, 329, 348-49, 354, 370, 424, 427, 442. Sober also reported to a therapist in October 2015 that his anxiety was under control with medication. R. 362. Moreover, upon discharge from Highland Rivers Health on September 19, 2015, Sober was calm, appropriate, cooperative, denied any depression or suicidal thoughts, and had logical thought processes. R. 348-50. And, as the ALJ noted, Dr. Nizamuddin Khaja indicated that Sober had only moderate

10

symptomology from major depressive disorder. R. 66, 348-50. All of these notes by Sober's treating physicians belie Dr. Wilson's assessment of Sober as being essentially incapable of functioning in a workplace, and they provide substantial support for the ALJ's decision to give Dr. Wilson's assessment minimal weight.

Finally, Dr. Wilson found that Sober had borderline intellectual functioning. R. 533. But, the ALJ did not consider that to be a medically determinable impairment because the record is devoid of any objective clinical or diagnostic evidence to support a finding that Sober's purported borderline intellectual functioning results from an anatomical, physiological, or psychological abnormality. R. 63. *See* 42 U.S.C. § 423(d)(3). Indeed, Sober has not presented any evidence that he had any objective functional or IQ testing, and Sober's school records reveal that he graduated from high school and generally earned C's in his courses, with some A's and B's, two D's, and only one F. R. 63, 291, 300-01. Additionally, Dr. Khaja estimated Sober to be of average intelligence in September 2015. R. 349-50. Thus, substantial evidence supports the ALJ's decision that the diagnosis of borderline intellectual functioning is not a medically determinable impairment.

To summarize, the record shows that the ALJ had good cause to discount Dr. Wilson's opinions and that substantial evidence supports his decision. Accordingly, the ALJ did not rely simply on his own judgment when discounting Dr. Wilson's opinions, and the ALJ did not err by according the opinions minimal weight.

### B. Whether the Appeals Council erred by not considering materials Sober submitted on appeal

Sober argues next that the Appeals Council erred by failing to review evidence he submitted on appeal. Doc. 8 at 33-38. In general, a claimant may present new evidence in support of his application at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec. Admin*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.900(b)). Thus, a claimant may present new evidence to the Appeals Council, and the Council will review the claimant's case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the [ALJ's] decision, and there is a reasonably probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a). "Evidence is material if a reasonable possibility exists that the evidence would change the administrative result." *Hargress v. Soc. Sec. Admin, Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018) (citing *Washington v. Soc. Sec. Admin.*, 806 F.3d 1317, 1320 (11th Cir. 2015)). "[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262.

Turning to the specifics here, Sober submitted the following to the Appeals Council: (1) a Physical Capacities Form, Mental Health Source Statement, and Mental Health Questionnaire signed by from Michael Murdock, NP dated April 17, 2018; (2) medical records from Quality of Life Health Services dated January 26,

March 5, and April 17, 2018; and (3) records from Marshall Medical Center-South's Emergency Department dated March 1 and May 7, 2018. R. 2, 21-55. With respect to the evidence dated after the date of the ALJ's decision, the Appeals Council found that the evidence does not relate to the period at issue and, therefore, does not "affect the decision about whether [Sober was] disabled beginning on or before February 14, 2018." R. 2. Indeed, a review of the medical records dated March 5 through May 7, 2018 reveals that they describe Sober's condition at the time of treatment, i.e., after the ALJ's decision, and do not relate to the relevant time. *See* R. 32-43, 47-55. As a result, those records are not chronologically relevant. *See Hargress*, 883 F.3d at 1309-10 (finding that records that post-dated the ALJ's decision were not chronologically relevant when "nothing in the[] new medical records indicates that . . . the information in them relates to the period at issue").

With respect to the three forms completed by Mr. Murdock, Murdock opines, among other things, that Sober would be off-task 30% of the time in an eight-hour workday, and would miss seven days of work in a thirty-day period due to his physical symptoms and three days due to his psychological symptoms, and that Sober had these limitations on the alleged disability onset date. R. 44-46. But, even if the opinions contained in the forms are chronologically relevant, Murdock, a nurse practitioner, is not an acceptable medical source under the SSA regulations, and, as such, his opinions are not entitled to significant weight. *See* 20 C.F.R.

13

§§ 404.1513(a) & 404.1527(a), (f); SSR 06-03P, 2006 WL 2329939, at *2 (Aug. 9, 2006); *Anteau v. Comm'r of Soc. Sec.*, 708 F. App'x 611, 613 (11th Cir. 2017). Moreover, just like the forms completed by Dr. Wilson, the conclusory nature of the Mental Health Source Statement, Mental Health Questionnaire, and Physical Capacities Form completed by Murdock provides good cause to discount the opinions. *See Winschel*, 631 F.3d at 1179; pp. 8-9, *supra*. Thus, because Murdock is not an acceptable medical source and the forms he completed are conclusory, there is no reasonably possibility that consideration of the forms would have changed the administrative result. As a result, the forms are not material. *See Hargress*, 883 F.3d at 1309-10.

Finally, as to the medical record from Quality of Life dated January 26, 2018, the Appeals Council found that "this evidence does not show a reasonable probability that it would change the outcome of the [administrative] decision." R. 2. Thus, contrary to Sober's contention otherwise, the Council did not simply determine that the records are not chronologically relevant. *See* R. 2; doc. 8 at 37. In addition, the Appeals Council is "not required to provide a detailed rationale for denying review," *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014) (citations omitted), and the record supports the Council's determination that the new medical record would not change the ALJ's analysis. The record at issue contains Murdock's treating notes from one of Sober's visits to Quality of Life

14

for treatment of hyperlipidemia, anxiety, and depression. R. 24-31. Although Sober reported a worsening of his anxiety to Murdock, Sober also reported that his functioning was only somewhat difficult, and Murdock did not include anxiety disorder in his assessment of Sober's current diagnoses. R. 24, 29. In addition, upon examination, Murdock noted that Sober was alert and oriented, had appropriate mood and affect, normal insight, and normal judgment. R. 30. Thus, this medical record does not indicate an objective worsening of Sober's condition. Rather, it is consistent with, and cumulative of, the records the ALJ considered in reaching his decision. Accordingly, the record at issue does not show that the ALJ's decision denying benefits is erroneous. *See Beavers v. Soc. Sec. Admin., Comm'r*, 601 F. App'x 818, 821-23 (11th Cir. 2015) (citations omitted).

Simply put, the records Sober submitted to the Appeals Council do not show that the ALJ's decision is contrary to the weight of the evidence, and the Council did not err by denying review. *See Mitchell*, 771 F.3d at 785 (citations omitted).

C. **Whether substantial evidence supports the ALJ's decision**

Finally, Sober contends that the ALJ's decision is not based on substantial evidence because the hypothetical question he posed to the VE did not account for all of Sober's limitations and impairments. Doc. 8 at 38-39. When, as here, a claimant has no past relevant work, to find that the claimant is not disabled, the ALJ must show that other jobs exist in significant numbers in the national economy that

the claimant can perform. *See Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002); 20 C.F.R. § 404.1512(b)(3). The ALJ may satisfy that burden by relying on the testimony of a VE. *Wilson*, 284 F.3d at 1227 (citing *Wolfe v. Chater*, 86 F.3d 1072, 1077-78 (11th Cir. 1996)). But, "[i]n order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* (citing *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999)).

In this case, the ALJ asked the VE whether work is available for a person of Sober's age and education who "is limited to light work as it is regulatorily defined" and "to the understanding, remembering, and carrying out of only simple instructions;" who can interact with the public, coworkers and supervisors only "on an occasional basis; and who can sustain those activities over an eight-hour day if given mid-morning, lunch, and afternoon breaks . . . ." R. 86-87. This question is an accurate statement of Sober's RFC as determined by the ALJ. *See* R. 67. Sober asserts, however, that the hypothetics do not consider the alleged limitations that he would be off task 20% of the time in an eight-hour workday and could not interact with co-workers or supervisors. Doc. 8 at 39. But, Sober does not specify what evidence establishes that he has those limitations, *see id.*, and, as discussed above, the ALJ properly gave little weight to Dr. Wilson's opinions that Sober cannot interact appropriately with co-workers and supervisors and would be off task 75%

of the time in an eight-hour work day, *see* pp. 6-11, *supra*. Therefore, because an ALJ is "not required to include findings in the hypothetical [question] that the ALJ had properly rejected as unsupported," *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004), Sober has not shown that the ALJ erred by failing to include those alleged limitations in his hypothetical question to the VE.

Next, while Sober contends that the ALJ erred by finding he could perform light work and by purportedly "assum[ing] an ability to work eight hours," Sober does not specify what, aside from Dr. Wilson's opinions, the ALJ failed to consider, or identify what evidence is contrary to the ALJ's determination of Sober's RFC. *See* doc. 8. Thus, "[b]y failing to specify which aspect of the ALJ's decision was incorrect or unsupported by substantial evidence, [Sober] has abandoned any challenge to the factual accuracy of the ALJ's conclusion." *Jackson v. Soc. Sec. Admin., Comm'r*, 779 F. App'x 681, 684 (11th Cir. 2019) (citing *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014)). Moreover, substantial evidence supports the ALJ's determination of Sober's RFC. As to Sober's physical impairments, a consultative physical examination by Dr. Anand Iyer on January 9, 2016 revealed that while Sober had some difficulty getting on and off the exam table, he had a normal gait and negative straight leg raise test, and can walk on his heels and tiptoes, and Dr. Iyer did not note any significant objective physical abnormalities. R. 68, 369-371. In addition, Sober's medical records during the

relevant time from the alleged disability onset date to the date of the ALJ's decision reveal that, as the ALJ noted, Sober's physical examinations were generally within normal limits, R. 68-69, 335-345, 436-54, 455-529, and that Sober occasionally denied that his back and knee pain interfered with his activities of daily living, R. 335, 342. And, no physician recommended any specific restrictions in Sober's functioning during the relevant time. R. 335-345, 436-54, 455-529.[4] As to Sober's mental impairments, the medical records from the relevant time reveal that Sober was consistently alert and oriented, and that he generally had an appropriate mood and affect. R. 354, 370, 442, 456, 467, 469, 485, 498, 513, 515, 522.

It is evident that Sober believes the evidence supports a contrary finding and that he disagrees with the ALJ's ruling on the merits. However, the ALJ's decision reveals that "he did consider all of the evidence and found that it did not support the level of disability [Sober] claimed," *Freeman v. Barnhart*, 220 Fed. Appx. 957, 960 (11th Cir. 2007), and Sober does not point to anything that the ALJ overlooked or failed to address, *see* docs. 8; 12. Thus, for the reasons explained above, the court finds that substantial evidence supports the ALJ's decision that Sober is not disabled.

---

[4] As the ALJ discussed, Mr. Murdock completed a form for the Food Stamp Program indicating that Sober was physically unable to work due to lumbar disc disease, but the ALJ gave the opinion little weight because Murdock did not offer any objective facts to support that opinion and the opinion is contrary to Murdock's own treating notes. R. 68-69, 367. *See also* R. 436-54. Sober does not challenge that aspect of the ALJ's decision. *See* doc. 8.

## VI. CONCLUSION

Based on the foregoing, the court concludes that the ALJ's determination that Sober is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching his decision. Therefore, the Commissioner's final decision is due to be affirmed. A separate order in accordance with the memorandum of decision will be entered.

**DONE** the 12th day of December, 2019.

*[signature]*
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE